# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

_____

JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

CHARLES C. CARELLA
1933 – 2023

DONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE
KEVIN G. COOPER

**5 BECKER FARM ROAD**
**ROSELAND, N.J.  07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

PETER G. STEWART
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
ZACHARY A. JACOBS***
JASON H. ALPERSTEIN+ +

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY BAR ONLY
***MEMBER IL BAR ONLY
+MEMBER FL BAR ONLY
 + + MEMBER NY & FL BAR ONLY

RAYMOND J. LILLIE
GREGORY G. MAROTTA
MARYSSA P. GEIST
JORDAN M. STEELE**
ROBERT J. VASQUEZ
BRITTNEY M. MASTRANGELO
GRANT Y. LEE***
MAYBOL HALL
WILLIAM J. MANORY

January 10, 2025

**VIA ECF**
Honorable Michael A. Shipp, U.S.D.J.
United States District Judge
Martin Luther King Federal Building
50 Walnut Street
Newark, New Jersey 07102

Re:    ***Aronstein, et al, v. Johnson and Johnson, et al***
Civil Action No. 3:24-cv-04665;
***Saputo, et al, v. Johnson & Johnson, et al***
Civil Action No. 3:24-CV-09622;
***Badilla v. Kenvue Inc., et al***
Civil Action No. 3:24-CV-10521

Dear Judge Shipp:

This firm, and others, represent all Plaintiffs in the above-captioned matters.[1] We write seeking consolidation of these related actions and to propose the entry of an Order pursuant to Rule 23(g) appointing interim class counsel on behalf of the proposed class.[2]  Defendants have consented to the consolidation of these related

_____

[1] The above-captioned Action, No. 3:24-cv-04665 has been previously consolidated with Civil Action Nos. 3:24-cv-06090 and 3:24-cv-04757 for all purposes.

[2] Counsel for Plaintiffs in the consolidated *Aronstein* matter have previously submitted a letter proposing appointing interim class counsel on June 5, 2024.  *See* D.E. 16.  Counsel intends the present letter to supersede the previous request.

January 10, 2025
Page 2

actions, and take no position on the appointment of interim class counsel.[3]

## <u>Consolidation</u>

Please find enclosed a proposed Order consolidating the above matters into a single matter bearing the caption "*In re Aronstein v. Kenvue*," Docket No. 3:24-cv04665-MAS-RLS.  The proposed Order also provides the following deadlines for the filing of a single consolidated complaint Defendants' response:

- Date for Plaintiffs to file Consolidated Complaint: 45 days following entry of the attached Order
- Date for Defendants to Answer or otherwise respond to Consolidated Complaint: 60 days following its filing
- Date for Plaintiffs to respond to Defendants' pleading:  60 days following its filing
- Date for Defendants to reply in support of their pleading: 25 days following Plaintiffs' Response.

If the Court approves, we respectfully request that Your Honor "So Order" the attached and enter it on the docket.

## <u>Interim Appointment of Class Counsel</u>

Successful prosecution of this complex class action litigation will require a team with the stature, experience, skill, and proven track record to develop the record and certify the class, and with the capability to successfully try this case or negotiate a settlement.

We respectfully submit that we are willing and able to lead this team. In our view, the most important experience, attributes, and abilities for the leadership in this case are the ability to: (i) work cordially and cooperatively with both Plaintiffs and defense counsel; (ii) work efficiently with a solution-oriented, get-the-job-done

---

[3] Defendants have reserved their rights related to any argument about the scope and implication of the interim class counsel role.  In the event that a dispute arises over the scope and implication of the interim class counsel role, the Parties will meet and confer before raising such a dispute with the Court.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

January 10, 2025
Page 3

approach; (iii) involve the Court to resolve disputes only when necessary; and (iv) expedite resolution of this case, while zealously protecting the interests of the class.

**Litigation Background**

Plaintiffs asserts claims on behalf of themselves and other purchasers of Band-Aid products produced by Defendants. These Band-Aid products contain per- and polyfluorinated substances known as "PFAS," which epidemiologic and laboratory studies have shown can present dangers to human health. These problems include increased risk of cancer, thyroid disease, high cholesterol, ulcerative colitis, immunological abnormalities, and developmental and reproductive effects. Plaintiffs assert claims for, inter alia, Fraudulent Concealment, Fraudulent Omission, Unjust Enrichment, and various state law claims.

To date, counsel have acted on behalf of the class, including the continued investigation of claims, meeting and conferring with defense counsel, and moving for consolidation of the three actions.

**Appointment of Counsel**

In complex cases such as this, it is well-established that the Court may appoint counsel to coordinate the prosecution of the litigation. Rule 23 specifically provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Advisory Committee Notes to Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the precertification period if necessary to protect the interests of the putative class." "Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)([A]), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Insulin Pricing Litig.*, 2017 WL 4122437, at *1 (D.N.J. Sept. 18, 2017) (citation omitted); *see also Waudby v. Verizon Wireless Servs., Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008).

We propose a leadership structure that avoids protracted motion practice and – more importantly – efficiently serves the interests of the aggrieved putative class. We hope that our proposed structure meets with Your Honor's approval. In sum, we think our proposal is sensible, efficient, and in the best interests of the class and the

January 10, 2025
Page 4

Court. We propose a leadership structure consisting of Interim Co-Lead Class Counsel: Christopher L. Ayers of Seeger Weiss LLP, James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Joshua Arisohn of Bursor & Fisher, P.A., and E. Powell Miller of Miller Law, P.C. We also propose a Plaintiffs' Executive Committee consisting of Charles Schaffer of Levin Sedran & Berman, LLP, Jason Sultzer of Sultzer & Lipari, PLLC, Kristen Lake Cardoso of Kopelowitz Ostrow P.A., and James Bilsborrow of Weitz & Luxenberg, PC.

As detailed below, each individual lawyer and firm has extensive experience in complex antitrust class action matters, including in the District of New Jersey and each proposed candidate is prepared to devote their personal time and firm resources necessary to vigorously prosecute this action. This is a complex case that will require significant case management expertise.

**The Proposed Structure Satisfies Rule 23**

The responsibilities of interim class counsel mirror those of class counsel (appointed after the class has been certified). Courts therefore consider the same factors enumerated in Rule 23(g)(1)(A) in selecting interim class counsel. *In re Insulin Pricing Litig.*, 2017 WL 4122437, at *1. The Federal Rules of Civil Procedure instruct courts to consider the following when appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

The Court may also consider any other matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Appointment is appropriate where the Court concludes that "[c]lass counsel [will] fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(2) and (4). Proposed Lead Interim Class Counsel and Plaintiffs' Execuive Committee satisfy the applicable criteria. Each of the firms have worked to identify and investigate the potential claims are experienced in handling complex class actions, possesses in-depth knowledge of the applicable law; and has resources necessary to commit to representing the proposed class. *See* Fed. R. Civ. P. 23(g)(1).

January 10, 2025
Page 5

Each of these individuals are at firms that are all experienced in class action litigation, have worked collegially and collaboratively on many matters, and have substantial experience working in a wide range of complex matters. Attorneys at these firms have decades of experience litigating some of the nation's most complicated class actions and have successfully recovered billions of dollars in damages for class members.

## A. Proposed Lead Interim Class Counsel Filed A Detailed and Comprehensive Complaint

Proposed Lead Interim Class Counsel have filed detailed, comprehensive complaints and will file a consolidated complaint reflective of this care and commitment to the litigation. The proposed attorneys have already demonstrated efforts to work together in a collegial, efficient, and professional manner. The work performed to date by Proposed Lead Interim Class Counsel demonstrates that they are well-suited to lead this important matter.

## B. Proposed Lead Interim Class Counsel and Plaintiffs' Executive Committee Have Extensive Experience in Complex Class Action Litigation

Proposed Lead Interim Class Counsel and Plaintiffs' Executive Committee have served individually as lead or co-lead counsel in many similarly large and complex class actions. A sampling of those cases is described below.

### 1. James E. Cecchi of Carella Byrne

Mr. Cecchi and his firm Carella Byrne have served as lead counsel, co-lead counsel and as committee members in some of the most important antitrust class actions in New Jersey and the nation. Examples of Carella Byrne's class representations in New Jersey and the nation over the last ten years include, but are not limited to:

- In re: Mercedes-Benz Emissions Litig., Civil Action No. 16-881 (D.N.J.) (Hon. Kevin McNulty) (James Cecchi appointed as Co-Lead Counsel for Plaintiffs and the Class in a case arising out of the alleged use of a defeat device to evade U.S. emissions regulations; settlement with value in excess of $800,000,000 granted final approval in July 2021.)

January 10, 2025
Page 6

- In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig., MDL No. 2672 (N.D. Cal.) (Hon. Charles R. Breyer) (James Cecchi appointed to Steering Committee and as Settlement Class Counsel; settlement in excess of $15,000,000,000 for consumer fraud and warranty claims arising from the use of a defeat device to evade U.S. emissions regulations.)

- In re: Takata Airbag Prods. Liab. Litig., MDL No. 2599 (S.D. Fla.) (Hon. Frederico A. Moreno) (James Cecchi appointed to six-firm Steering Committee and as Settlement Class Counsel; settlement in excess of $1,500,000,000 for consumer fraud and warranty claims arising from use of defective and dangerous airbags; the case is ongoing as it pertains to second-wave defendants, including Mercedes Benz USA.)

- In re: Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig., MDL No. 2904 (D.N.J.) (Hon. Madeline Cox Arleo) (Multi-defendant data breach where James Cecchi is Sole Lead Counsel.)

- In re National Prescription Opiate Litig., MDL No. 2804 (N.D. Ohio) (Hon. Dan A. Polster) (James Cecchi appointed to Plaintiffs' Executive Committee relating to marketing of opioid drugs; settlements in excess of $50,000,000,000 now being distributed to cities and towns across the United States to abate the Opioid epidemic.)

- In Re: Vytorin/Zetia Marketing, Sales Practices & Prods. Liab. Litig. MDL No. 1938 (D.N.J.) (Hon. Dennis M. Cavanaugh) (James Cecchi Co-lead counsel for class in case arising out of the marketing of drug Vytorin; settlement of $41,500,000 secured for consumer class.)

- In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig., Civil Action No. 08-2177 (D.N.J.) (Hon. Dennis M. Cavanaugh) (securities fraud claims arising from marketing and sale of anti-cholesterol drugs Vytorin and Zetia) (James Cecchi Co-Lead Counsel in Consumer Cases and Co-Liaison Counsel in Securities Cases which collectively settled for $688,000,000.)

- In re: Liquid Aluminum Sulfate Antitrust Litig., MDL No. 2687 (D.N.J.) (Hon. Jose L. Linares) (Direct purchaser Antitrust case on behalf of municipalities and paper mills regarding price fixing claims arising from the

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

January 10, 2025
Page 7

sale of chemicals utilized in water treatment and paper production; James Cecchi appointed as Lead Counsel and secured a settlements greater than $100,000,000.)

- In Re Effexor XR Antitrust Litig., Civil Action No. 11-5661 (D.N.J.) (Hon. Joel A. Pisano) (claims on behalf of indirect purchasers of brand-name drug alleging that manufacturer obtained patent by fraud and enforced patent by sham litigation to maintain illegal monopoly of brand-name drug; James Cecchi appointed as Chair of Plaintiffs' Indirect Purchaser Executive Committee.)

- Davis Landscape v. Hertz Equip. Rental, Civil Action No. 06-3830 (D.N.J.) (Hon. Dennis M. Cavanaugh) (Co-Lead Counsel in settlement valued at over $50,000,000 on behalf of contested nationwide class asserting claims that HERC's loss/damage waiver charges violated the New Jersey Consumer Fraud Act because it provides no benefit to customers.)

- In Re: Merck & Co., Inc., Sec., Derivative & "ERISA" Litig., MDL No. 1658 (D.N.J.) (Hon. Stanley R. Chesler) (securities fraud claims arising from Merck's failure to disclose problems with commercial viability of anti-pain drug Vioxx which settled for more than $1,000,000,00; James Cecchi appointed as Sole Liaison Counsel for the Class.)

- In re: Mercedes-Benz Tele-Aid Contract Litig., MDL No. 1914 (Hon. Dickson R. Debevoise) (Co-Lead Counsel in $40,000,000 settlement of consumer fraud claims arising from Mercedes' failure to notify Tele-Aid customers of mandated change from analog to digital system and charging customers to replace system Mercedes knew would be obsolete.)

## 2. Christopher L. Ayers of Seeger Weiss

Mr. Ayers is a partner with Seeger Weiss LLP. Seeger Weiss is one of the nation's preeminent trial law firms, with an established track record of helping lead some of the most complex and important cases on behalf of consumers and injured parties. Seeger Weiss has led and tried some of the most complex and high-profile litigations in the nation, including multiple bellwether trials, in both state and federal courts, including *In re 3M Combat Arms Earplug Prods. Liab. Litig.,* MDL No. 2885 (N.D. FL) (Co-Lead), *In re NFL Players' Concussion Injury Litig.,* MDL No. 2323

January 10, 2025
Page 8

(E.D. Pa.) (Co-Lead), *In re Volkswagen "Clean Diesel" Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (PSC), and *In re Nat'l Prescription Opiate Litig.,* MDL No. 2804 (N.D. Ohio) (PSC).

In the cases Mr. Ayers litigates, he is generally called to cover the cases from "tip to tail": client vetting and pre-filing strategy; negotiation of case management orders; all contours of discovery (and e-discovery), including conferrals, litigation of discovery disputes, document management, and depositions; expert development; dispositive and *Daubert* motion challenges and hearings; settlement; and trial and appeal. Though each case requires focus in different areas, Mr. Ayers works to ensure that his clients, and those of his peer plaintiff firms, are well served. In surveys of the profession, peers and adversaries have been kind in acknowledging my commitment to doing so. *E.g., Martindale-Hubbell US* "AV Preeminent" ("A tenacious advocate for his clients … who works tirelessly to ensure that his clients achieve their desired outcome"; "[A]n extremely bright and talented lawyer. If I need input or insight into a complicated issue, he's one of my first phone calls"; "[A]n outstanding trial attorney whose talent shines through during oral advocacy. He is strategic, thorough, intelligent and ethical"; "[A] formidable force").

Mr. Ayers is proficient in developing innovative and collaborative solutions to address the e-discovery challenges of large litigations today. This is an area in which he has particular experience and expertise (both in litigation, scholarship, and speaking), and one in which he can bring unique value for the benefit of all counsel and plaintiffs. He is widely recognized for his knowledge and experience in e-discovery and preservation of electronically stored information (ESI), and has served as designated ESI counsel for plaintiffs in numerous cases.

The bulk of Mr. Ayers's experience has been in large litigations involving injury and economic loss from defective products and devices. Mr. Ayers has held appointments or played significant roles in complex and notable litigations. He has taken or defended numerous depositions on a wide variety of topics, in many diverse matters, including current or former corporate employees and representatives in all realms of the defendant companies. On the expert front, he has been extensively involved in the development of experts to present in these litigations. He has also defended these expert witnesses at deposition and taken the depositions of their counterparts designated by defendants.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

Mr. Ayers has served on the leadership team in major multidistrict litigations and class actions. His recent work includes:

- In the *Social Media Adolescent Addiction/Personal Injury Products Liability* Litigation and the related California Judicial Council Coordination Proceeding, Mr. Ayers serves as member of the Plaintiffs' Executive Committee and Co-Chair of the E-Discovery Committee. Both litigations involve cases against social media companies alleging they are responsible for designing social media platforms that target kids but are not safe for them to use. Affected children and families have filed wrongful death and other lawsuits for teen suicides and mental harm related to use of these products.

- Mr. Ayers represents the Estate of Henrietta Lacks and members of her family seeking justice against pharmaceutical and biotechnology companies for unjustly profiting off Mrs. Lacks's stolen cells. For what would have been Henrietta Lacks' 103rd birthday, Henrietta Lacks's family secured an historic settlement with the biotechnology company they sued seeking compensation for its use of Mrs. Lacks's cells.

- Mr. Ayers served on the leadership team in the Mercedes Emissions litigation, *In re Mercedes-Benz Emissions Litigation*, which secured a $800 million settlement on behalf of U.S. owners and lessees. He was charged with leading discovery and successfully secured one of the strongest ESI validation procedures and random sampling protocols to test the defendants' search methodologies and results.

- Mr. Ayers was appointed as E-Discovery Chair in *In re Samsung Customer Data Security Breach Litigation*, a case brought following a major data breach in July 2022 of Samsung's systems in the United States that compromised the personal information of millions of American consumers.

- Mr. Ayers was appointed Co-Lead Counsel by the Honorable Madeline Haikala in *Oliver v. American Honda Motor Co., Inc*. Plaintiffs alleges that Honda sold vehicles that they knew had defective and dangerous fuel pumps that could cause cars to stall or stop while driving.

January 10, 2025
Page 10

### 3. Joshua Arisohn of Bursor & Fisher, P.A.

Mr. Arisohn is a partner at Bursor & Fisher ("B&F"), a plaintiffs' class action law firm that has won multi-million-dollar verdicts or recoveries in six of six class action jury trials since 2008. Most recently, in *Perez v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR (N.D. Cal.), B&F won a $267 million jury verdict against a debt collector found to have violated the Telephone Consumer Protection Act. The lawyers at B&F have an active class action practice and have won numerous appointments as class counsel to represent millions of class members, including customers of Honda, Verizon Wireless, AT&T Wireless, Sprint, Haier America, and Michaels Stores as well as purchasers of Avacor, Hydroxycut, and Sensa products.

B&F negotiated and obtained court approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively). These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. Since then, B&F has continued to negotiate some of the largest consumer class actions ever. *See, e.g.*, *Rivera v. Google LLC*, Case No. 2019-CH-00990 (Cir. Ct. Cook Cnty.) ($100 million settlement in class action brought under the Illinois Biometric Information Privacy Act); *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279 (S.D.N.Y.) ($50 million settlement in class action brought under the Michigan Preservation of Personal Privacy Act). As Judge Analisa Torres recently noted in appointing the firm as interim class counsel, B&F has "substantial experience handling complex consumer litigation [and] class action litigation . . . ." *Roby v. Insider, Inc.*, 1:22-cv-06834, ECF No. 25 (S.D.N.Y. Nov. 8, 2023).

Mr. Arisohn has been appointed class counsel and/or interim class counsel in numerous cases, including but not limited to: *Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS (N.D. Cal.); *Williams v. Facebook, Inc.*, Case No. 18-cv-01881-RS; *Gregorio v. The Clorox Co.*, Case No. 4:17-cv-03824-PJH (N.D. Cal.); *Soo v. Lorex Corp.* (N.D. Cal. Sept. 23, 2020), *Mejia v. Time Warner Cable Inc.*, 15-CV-6445 (S.D.N.Y.); *Weiman v. Miami Univ.*, Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD; and *Smith v. Ohio State Univ.*, Ct. of Cl. No. 2020-00321JD.

Mr. Arisohn also has extensive experience litigating cases involving the same types of PFAS chemicals at issue in this matter. *See, e.g.*, *Spindel v. Burt's Bees, Inc.*, Case No. 4:22-cv-01928 (N.D. Cal.); *Dalewitz v. The Procter & Gamble Co.*,

January 10, 2025
Page 11

7:22-cv-07323 (S.D.N.Y.); *Julian v. Only What You Need, Inc.*, 7:23-cv-09522 (S.D.N.Y.); *Barnes v. KOS, Inc.*, 7:23-cv-10104 (S.D.N.Y.); *Morton v. Health-Ade LLC*, 7:24-cv-00173 (S.D.N.Y.); *Maketa v. Target Corp.*, 4:24-cv-02576 (N.D. Cal.).

### 4. E. Powell Miller of Miller Law, P.C.

E. Powell Miller and The Miller Law Firm have extensive experience litigating complex class actions throughout the United States. Mr. Miller left the Honigman firm in 1994 with the goal of establishing the first law firm with a substantial class action practice in Michigan. He sold his car and downsized his home in order to do so. Within about six months of starting Miller Law, Mr. Miller prosecuted three class actions, all of which were certified and concluded with excellent results for his clients. Miller Law now has 39 attorneys and has recovered more than $6 billion dollars for class members in Michigan and across the country, including a rare achievement in class action practice: three separate cases of 100% net cash recovery for class members, plus attorneys' fees, paid by defendants.

In 2023, six Miller Law partners were named Michigan Top 100 Lawyers in Super Lawyers Magazine, more than any other firm in Michigan (including those multiple times larger than Miller Law), and twelve other attorneys were listed as either Super Lawyers or Rising Stars. Mr. Miller himself was ranked as the #1 attorney in Michigan in 2023, and Super Lawyers Magazine has recognized him as one of Michigan's Top 10 lawyers every year from 2009 to 2024.

Mr. Miller also has extensive trial experience, including a 14-0-1 record in cases tried to a bench or jury verdict. Mr. Miller has previously served as Co-Chair of the ABA Sub-Committee for Multi-District Class Action Litigation, Co-Chair of the Detroit Chapter of the Federal Bar Association Antitrust and Securities Committees, and on the Executive Committee for the Wayne State University Law School Board of Visitors. One of Mr. Miller's proudest accomplishments is receiving the Cook-Friedman Civility Award from the Eastern District of Michigan Federal Bar Association.

A sample of noteworthy cases Mr. Miller has prosecuted include having served as:

- Co-Lead Counsel in *In re AIG 2008 Securities Litig.*, No. 1:08-cv-04772

January 10, 2025
Page 12

(S.D.N.Y.), which settled in 2015 for $970.5 million, the highest securities settlement in the United States in 2015;

- Co-Lead Class Counsel and Lead Trial Counsel in *City of Farmington v. Wells Fargo Bank*, No. 0:10-cv-04372 (D. Minn.), which was resolved on the weekend before trial for $62.5 million;

- Counsel for Wayne, Oakland, and Monroe counties in the nationwide *In re National Prescription Opiate Litig.*, No. 1:17-md-02804 (N.D. Ohio), which resulted in over $620 million in settlement funds for Michigan and its cities and counties;

- Special Trial Counsel in the antitrust class action, *Cason-Merendo. v. VHS of Michigan, Inc.*, No. 2:06-cv-15601 (E.D. Mich.) (final judgment entered on Jan. 27, 2016), which resulted in a $42 million recovery after the *in limine* arguments;

- Co-Lead Counsel in *Wood v. FCA US LLC*, No. 5:20-cv-11054 (E.D. Mich.) (judgment entered on Dec. 1, 2022), which settled for more than $108 million in benefits for the class prior to motion practice;

- Lead Counsel in the first successful national dietary supplement class action, *Gasperoni v. Metabolife International, Inc.*, No. 2:00-cv-7125 (E.D. Mich.) (final judgment entered on Mar. 15, 2001);

- Co-Lead Counsel in *In re: Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-2042 (E.D. Mich.) (MDL), with a successful $30 million settlement;

- Interim Liaison Counsel to the end-payor plaintiffs, who have recovered more than $1 billion in settlements to date in the *In re: Automotive Parts Antitrust Litig.*, No. 2:12-md-2311 (E.D. Mich.) (MDL);

- Associate Counsel in *N.Y. Teachers Retirement System v. General Motors Co.*, No. 4:14-cv-11191 (E.D. Mich.) (judgment entered on May 19, 2016) (Parker, J.), which settled for $300 million;

- Co-Lead Counsel in *Schreiber v. Mayo Foundation for Medical Education and Research* (W.D. Mich.) (judgment issued on May 29, 2024), which settled

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

January 10, 2025
Page 13

for $54.5 million;

- Co-Lead Counsel in *Persad v. Ford Motor Co.*, No. 2:17-cv-12599 (E.D. Mich.) (judgment entered on Dec. 30, 2021), which settled for more than $42 million in class benefits;

- Co-Lead Counsel in *Reynolds v. FCA US LLC*, No. 2:19-cv-11745 (E.D. Mich.) (judgment issued on June 29, 2023), which settled for more than $30 million in benefits;

- Co-Lead Counsel in *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-cv-11404 (E.D. Mich.) (final approval entered on January 10, 2024), which settled for 9.5 million; and

- Chair of Settlement Class Counsel in *In re: Wright & Filippis, LLC Data Sec. Breach Litig.*, No. 22-cv-12908 (E.D. Mich.) (final approval granted on May 30, 2024), which settled for $2.9 million.

Miller Law also served as Co-Lead Counsel in *Cooper v. The 3M Company*, No. 1:17-cv-01062 (W.D. Mich.), which settled for $54 million in cash payments to citizens in Western Michigan who suffered from contaminated drinking water and Miller Law was the first in the country to initiate and served as a member of the Plaintiffs' Steering Committee in *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 2:17-md-02785 (D. Kan.) (Oct. 17, 2017), which recovered more than $600 million for class members.

Mr. Miller currently serves as appointed class counsel in many other pending cases.[4]

### 5.  Charles Schaffer of Levin Sedran & Berman, LLP

---

[4] Lead Counsel and Chair of the PSC in *In re FCA US LLC Monostable Electric Gearshift Litig.*, No. 2:16-md-02744 (MDL) (Lawson, J.); Co-Lead Counsel in *In re: General Motors Corp. Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 2:18-md-02818 (MDL) (Leitman, J.); Co-Lead Counsel in *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 2:22-cv-03040 (MDL) (Lawson, J.); Co-Lead Counsel in *Weidman v. Ford Motor Co.*, No. 2:18-cv-12719 (Drain, J.); Co-Lead Counsel in *In re Chevrolet Bolt EV Battery Litig.*, No. 2:20-cv-13256 (Berg, J.); PSC Member in *Speerly v. Gen. Motors, LLC*, No. 2:19-cv-11044 (Lawson, J.).

January 10, 2025
Page 14

Charles E. Schaffer is a partner with Levin Sedran & Berman LLP ("Levin Sedran'), where he leads the firm's complex litigation and class action departments. Levin Sedran is a Philadelphia law firm which has earned recognition as a "class-action powerhouse" due to pioneering the use of a class action which resulted in numerous record-breaking recoveries over the last four decades, and as a result, are frequently called upon to lead some of the largest MDLs and complex litigation.[5] *See also* *https://lfsblaw.com/our-firm/* (last visited January 6, 2025). Levin Sedran's cases frequently are at the forefront of the law on issues of importance to our communities, whether obtaining relief for victims of environmental disasters or pollution such as PFAS water contamination, Three Mile Island nuclear melt down, Exxon Valdez oil spill, BP oil spill, East Palestine train derailment and resulting chemical fire, addressing the Opioid epidemic, and obtaining life-changing benefits for former NFL players and their families.

With over 25 years of experience, Mr. Schaffer is a nationally recognized leader in complex litigation. His stock and trade is leading complex litigation, having been appointed to twenty-three leadership positions in various MDLs by various district courts across the nation and having served in over fifty leadership positions in non-MDL complex litigation. He is widely recognized for his ability to lead very complex litigation and his expertise in dealing with discovery, experts, damages models, and national and multi-state classes.  Mr. Schaffer is a demonstrated leader in both the bar and his community, served as a United States Marine, and devotes his time

---

[5] *See, e.g., In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (D.S.C.) (common fund settlements on behalf of public water systems with 3M for $10.3 billion ,Dupont for $1.19 billion, Tyco Chemguard  $750 million and BASF $316 million to remove or remediate PFAS from the public water supply); *In re Phillips Recalled CPAP, BI-Level PAP, Mechanical Ventilator Products Liability Litigation*, MDL No. 3014 (W.D. Pa.)($1.1 billion settlement on behalf of consumers who suffered personal injuries from use of CPAP machine and a $445 million economic loss settlement to compensate consumers and third party payers for payment for the devices);  *In re: Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) ($6.75 billion-dollar settlement); *In re Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (settlement in excess of $1 billion dollars); *In re Chinese-Manufactured Drywall Product Liab. Litig.*, MDL No. 2047 (E.D. La.) (settlement in excess of $1 billion dollars); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee); *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D.N.Y.) (28 inter-related settlements against air cargo service providers totaling $1.2 billion dollars).

---

January 10, 2025
Page 15

outside of the courtroom to advancing and protecting consumers' and military service members' interests. Having served our country as a United States Marine Mr. Schaffer was trained and learned to work cooperatively with others, with integrity and the utmost professionalism. He prides himself on his ability to employ these traits to drive consensus and cooperatively work with other counsel including many of the attorneys seeking appointments in this litgation. One of his greatest strengths and skills is his ability to build broad consensus, in bringing together diverse plaintiffs, in generating agreement among peer and rival attorneys and their firms, in unifying leadership groups of all levels and working collegially and effectively with opposing counsel. His frequent leadership appointments and successes in those case demonstrate these abilities.

Mr. Schaffer and Levin Sedran regularly prosecute multi-state consumer class actions involving technically complex issues and have one of the best track records in the country when it comes to developing practical damages methodologies and obtaining prompt relief for individuals and homeowners exposed to toxic substances and for consumers victimized by defective products and unfair or deceptive practices, as well as working cooperatively with others. *See* cases discussed *supra*, firm resume at *https://lfsblaw.com/our-firm/* (last visited January 6, 2025). During the past 28 years, Mr. Schaffer and Levin Sedran have had the privilege to lead some of the most groundbreaking and socially consequential litigations in the country which have resulted in innovative and effective class action settlements. Through smart, efficient, strategy and tailored creative problem-solving Mr. Schaffer and Levin Sedran have recovered billions of dollars for victims of environmental disasters, defective products and unfair or deceptive practices.[6]

---

[6] For example, Mr. Schaffer was instrumental in bringing about settlements in *inter alia*, *In re East Palestine Train Derailment, No 4:230-cv-00242 (*N.D. OH*.)* ($600 million settlement for residents, property owners and businesses within 20 miles of the derailment site for losses and damages suffered*)*, *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (D.S.C.) (common fund settlements on behalf of public water systems with 3M for $10.3 billion ,Dupont for $1.19 billion, Tyco Chemguard  for $750 million and BASF for $316  million to remove or remediate PFAS from the public water supply); *In re Phillips Recalled CPAP, BI-Level PAP, Mechanical Ventilator Products Liability Litigation*, MDL No. 3014 (W.D. Pa.)($1.1biilion settlement on behalf of consumers who suffered personal injuries from use of CPAP machine and a $445 million economic loss settlement to compensate consumers and third party payers for payment for the devices);  *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.) ($815,000,000 nationwide settlement for purchasers of

January 10, 2025
Page 16

Mr. Schaffer and his firm have substantial subject matter expertise and experience which will assist Lead Counsel, the Class and the Court. Of relevance to this litigation, Mr. Schaffer and LSB have prosecuted and are currently prosecuting extremely technical cases involving unfair or deceptive practices by manufacturers of contaminated consumer products including cosmetics laden with PFAS, sunscreen and deodorants laden with benzene, dog food contaminated with toxins, and many other products. *E.g. Hicks v. L'Oreal USA, INC., 1:22-cv-01989* (Co-_lead Counsel) (Cosmetics, PFAS), *Goldstein v. Henkel Corporation et al*, 3:22-cv-00164-AWT (D. Conn.) (Co-Lead Counsel)(dedoerant, benzene); *Chabla et al v. Edgewell Personal Care Brands*, LLC et al, 3:21-cv-01579-JAM AWT (D. Conn.) (Co-Lead Counsell) (sunscreen, benzene); *Bangoura v. Beiersdorf, Inc. et al*, 1:22-cv-00291-BMC (E.D.NY)(Co-Lead Counsel) (sunscreen, benzene); *Kallamni v. Tengram Capital Partners, LLC*, 1:21-cv-09616-NRB (S.D..NY)(Co-Lead Counsel), *Declid et al. v. Tcp Hot Acquisition LLC et al*., 1:21-cv-09569-DLC (S.D.N.Y) )(Co-Lead Counsel)(dedoderant, benzene); *Barnes v. TCP HOT ACQUSITION* LLC et. al, 1;21-cv-06191)(Co-Lead Counsel)(dedoderant,benzene,) *In Re: Hill's Pet Nutrition*, Inc., Dog Food Products Liability, Litig., 2:19-md-02887-JAR-TJJ (D. Kan.) (Executive Committee) (dog food, toxic Vitamin D); *In re: Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation,* No.: 3:21-cv-00007 (S.D. Ind.) (dog food, Aflatoxin toxin). All these cases share the same core issues such as whether the products conform to the manufacturer's representations regarding the product's ingredients or attributes,products contained only the listed or represented ingredients and not a toxin, contaminant or unintended byproduct and the damages to consumer as a result of purchasing and paying for the products based on these false and misleading representations.

Currently, Mr. Shaffer is serving as a member of Plaintiffs' Executive Committee in *In re: Aqueous Film-Foaming Foams (AFFF) Products Liability Litigation*, MDL 2873 (D.S.C.) which involves the contamination of the nation's water supply with PFAS chemicals. The MDL involves cases being brought against the manufacturers of the AFFF firefighting products on behalf of water suppliers who are required to remove the contamination from the water they provide,

---

defective shingles*), In re CertainTeed Fiber Cement Siding Litigation*, MDL No: 2270 (E.D. Pa.) ($103.9 million nationwide settlement for purchasers of defective siding). *See also Exhibit* .

January 10, 2025
Page 17

firefighters who are inflicted with cancer and from diseases from direct exposure to the AFFF products, individuals who drank the contaminated water and are inflicted with cancers and other diseases, and property owners whose homes suffered diminished value to the contamination of their water and soil. As a result, Mr. Schaffer is well versed in the science underlying PFAS and the dangerous health effects on human beings, especially through dermal absorption of PFAS. As a member of the discovery committee in this litigation his efforts were instrumental in achieving settlements in excess of 14 billion dollars on behalf of water providers.

Along with his class action and mass tort experience, Mr. Schaffer has a LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence and drug and medical device actions. He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts. Undoubtedly, Interim Co-Lead Counsel will benefit from his insight and experience from prosecuting those actions

### 6. Jason Sultzer of Sultzer & Lipari, PLLC

Sultzer & Lipari is one of the preeminent plaintiff's class-action and complex commercial law firms in the nation with particular expertise in consumer class-actions. Since its founding in 2013, Sultzer & Lipari has served as lead counsel in numerous high-profile consumer class action cases.

Sultzer & Lipari has developed a reputation for handling matters in an efficient and cost-effective manner. The firm has created extensive case law and obtained significant class-wide settlements in product contamination and mislabeling class actions involving all types of products and frauds. Courts have recognized Sutlzer & Lipari's significant experience with regards to its class action practice. *See Swetz v. The Clorox Company,* Case No. 22-CV-9374 (S.D.N.Y.) (Judge Halpern stated "I'm delighted that you were able to resolve this. I think very highly of lawyers who actually take on these matters. And I noticed, with the Court's approval, there was a fair amount of self-organization at the beginning of this . . . So I very much appreciate what you've done. I think you did an excellent job."); *Bangoura v. Beiersdorf, Inc.*, Docket No. 22:cv-00291-BMC (E.D.N.Y.) (Judge Bryan Cogan observed during the final approval hearing "that the fact that I'm looking at 2022 index number on this case is, in itself, a testament to the efficiency of plaintiffs' counsel's efforts."); *Patora v. Tarte, Inc*., Case No. 18-cv-11760-KMK (SDNY), (Judge Kenneth M. Karas stated that "[t]he plaintiff here was ably

January 10, 2025
Page 18

represented by class counsel, who is clearly well-versed in complex class action litigation. I can speak from personal experience dealing with The Sultzer Firm, which has many highly qualified and capable and experienced lawyers representing plaintiffs in consumer class actions. . .”). *See also Shiv Patel v. St. John's University*, Case No. 1:20-cv-02114 (EDNY) (Judge Steven Gold observed that, “The firms' expertise and competency in the class action context are reflected by the favorable outcomes they have obtained in previous suits... particularly in light of their impressive record.”); *Griffin, Anthony, et al., v. Aldi, Inc., Doe Defendants 1-10*, Case No. 16-cv-00354 (N.D.N.Y.) (Judge Lawrence E. Kahn stated that “The quality of the representation also supports the award. Plaintiffs' Counsel have worked diligently and are experienced and well-versed in wage and hour cases and class actions.”); *Swetz et al v. GSK Consumer Health, Inc.*, Case No. 7:20-cv-04731 (SDNY) (Judge Nelson S. Román stated that “Class Counsel have prosecuted the Litigation with skill, perseverance, and diligence, as reflected by the Settlement Fund achieved and the positive reception of the Settlement Agreement by the Settlement Class.”); *Goldstein, Jason, et al. v. Henkel Corporation and Thriving Brands LLC,* Case No. 3:22-cv-00164-AWT (District of Connecticut) (During the final approval hearing, Judge Alvin W. Thompson stated that Plaintiff's counsel including the Sultzer Law Group were “experienced capable counsel” who did a “thorough job”).

More recently, Sultzer & Lipari has been at the forefront of litigation concerning PFAS contamination. This includes *Hernandez v. The Wonderful Company LLC*, No. 23-cv-1242(ER) (S.D.N.Y.) where the firm recently defeated a motion to dismiss in a matter concerning the presence of PFAS in pomegranate juice. In view of the knowledge and experience gained in the litigation of the *Hernandez* matter and several other pending PFAS cases, Sultzer & Lipari is well positioned to serve in a lead role in this case.

Sultzer & Lipari has extensive experience resolving consumer class-action matters nationwide. Recent Settled matters include:

- *In re Kia Engine Litigation.*, No. 8:17-cv-00838-JLS-JDE (C.D. Cal.) (served as co-lead counsel in an automobile defect case and reached a nationwide settlement valued at $1.3 billion on behalf of owners and lessees of certain Hyundai and Kia vehicles)
- *Foster, Andrew Tyler et al. v. L-3 Communications EOTECH, Inc., et al.*, Case No. 15-cv- 03519 (W.D. Mo.) (served as co-lead counsel and obtained more

January 10, 2025
Page 19

than $50 million dollars in monetary relief for consumers who purchased falsely advertised holographic weapons sights)

- *Griffin, Anthony, et al., v. Aldi, Inc., Doe Defendants 1-10*, Case No. 16-cv-00354 (N.D.N.Y.) (served as co-lead counsel and obtained a settlement fund of $9.8 million on behalf of a national and NY class of employees who were not paid for all of the hours they worked and who did not receive appropriate overtime under federal and NY law)

- *Arrendondo, Brianna v. The University of La Verne,* Case No. 2:20-cv-07665 (C.D.C.A.) (served as co-lead counsel and obtained a settlement fund of $8,895,759.00 on behalf of college students who paid tuition for in person classes during the COVID pandemic)

- *Susan Swetz, et al. v. GSK Consumer Health, Inc.,* Case No. 7:20-cv-04731 (S.D.N.Y) (served as co-lead counsel and obtained a settlement fund of $6.5 million and injunctive relief in the form of label modifications on behalf of a national class of consumers who purchased dietary supplements alleged to have been deceptively labeled)

- *Bryan Swetz v. The Clorox Company,* Case No. 7:22-cv-9374 (S.D.N.Y) (served as co-lead counsel and obtained a settlement fund of $5.65 million on behalf of a national class of consumers who purchased deceptively labeled products alleged to have been contaminated with bacteria)

- *Run Them Sweet, LLC v. CPA Global, Ltd., et al*, Case No. 1:16-cv-1347 (E.D. VA.) (served as co-lead counsel and obtained a settlement fund of $5.6 million on behalf of consumers who were overcharged with respect to foreign patent renewal services)

- *Davenport, Sumner, et al. v. Discover Financial Services, et al.*, Case No. 15-cv-06052 (N.D. Ill) (served as co-lead counsel and obtained a settlement fund of $5.6 million for victims of violations of the Telephone Consumer Protection Act)

- *Qureshi, Maaz, et al. v. American University,* Case No. 20-cv-01141 (District of Columbia) (served as co-lead counsel and obtained a settlement fund of $5.439 million on behalf of college students who paid tuition for in person classes during the COVID pandemic)

- *Kincheloe, Arica, et al. v. The University of Chicago, et al.,* Case No. 20-cv-03015 (N.D. Ill) (served as co-lead counsel and obtained a settlement fund of $4,950,000.00 on behalf of college students who paid tuition for in person classes during the COVID pandemic)

- *Rapoport-Hecht, Tziva et al. v. Seventh Generation, Inc*., Case No. 14-cv-9087 (S.D.N.Y.) (served as co-lead counsel and obtained a settlement fund of $4.5

January 10, 2025
Page 20

million and injunctive relief in the form of label modifications on behalf of a national class of consumers who purchased cleaning products alleged to have been deceptively labeled)

- *Delcid, Otto, et al. v. TCP HOT ACQUISITION LLC and IDELLE LABS, LTD.*, Case No. 21-cv-9569 (S.D.N.Y.) (served as co-lead counsel and obtained a settlement fund of $3.65 million on behalf of a national class of consumers who purchased antiperspirant/deodorant products alleged to have been contaminated with benzene)
- *Catalano, et al. v. Lyons Magnus, LLC, et al.,* No. 7:22-cv-06867-KMK (S.D.N.Y.) (served as co-lead counsel and obtained a settlement fund of $3.5 million on behalf of a national class of consumers who purchased deceptively labled products alleged to have been contaminated with bacteria)
- *Schmitt, et al. v. Younique, LLC*, No. 8:17-cv-01397-JVS-JDE (C.D. Cal.), (served as co- lead counsel and obtained a settlement fund of $3.25 million and injunctive relief in the form of label modifications on behalf of consumers in a case involving allegedly deceptive labeling of consumer products)
- *Staubus, Steven, et al. v. Regenst of University of Minnesota, et al.,* No. 27-cv-20-8546 (State of Minnesota District Court, Hennepin County) (served as co-lead counsel and obtained a settlement fund of $3.25 million on behalf of college students who paid tuition for in person classes during the COVID pandemic)
- *Stewart, Hunter, et al. v. The University of Maine System,* Case No. 20-cv-537 (State of Maine Superior Court) (served as co-lead counsel and obtained a settlement fund of $2.15 million on behalf of college students who paid tuition for in person classes during the COVID pandemic)
- *Vincent, Wesley, et al. v. People Against Dirty, PBC. and Method Products, PBC.*, Case No. 7:16-cv-06936 (S.D.N.Y.) (served as co-lead counsel and obtained a settlement fund of $2.8 million and injunctive relief in the form of label modifications on behalf of a national class of consumers who purchased cleaning products alleged to have been deceptively labeled)
- *Porter, Ryan, et al., v. Emerson College,* Case No. 1:20-cv-11897 (District of Massachusetts) (served as co-lead counsel and obtained a settlement fund of $2.06 million on behalf of college students who paid tuition for in person classes during the COVID pandemic)
- *Bangoura, Almany Ismael, et al. v. Beiersdorf, Inc. and Bayer Healthcare, LLC*, Case No. 1:22-cv-00291-BMC (E.D.N.Y.) (served as co-lead counsel and obtained a settlement fund

January 10, 2025
Page 21

Since its founding in 2013, Sultzer & Lipari has been recognized by the media and its peers with numerous accolades. The firm is included in Martindale-Hubbell's Bar Register of Preeminent Lawyers for its class action practice. The firm's attorneys have contributed to or been featured in various well-known publications regarding their class action practice, including: Law360, The New York Times, CNBC News, Reuters, Bloomberg News, and the New York Post. Sultzer & Lipari (then known as The Sultzer Law Group) was named the best nationwide civil dispute firm in the U.S. Business News Legal Elite Awards in 2020 and a Best Law Firm by the American Institute of Trial Lawyers in 2022.

The firm's founding partner, Mr. Sultzer, has earned selection as a Senior Fellow of the Litigation Counsel of America (LCA), recognizing the country's top trial attorneys, and is a member of their Trial Law and Diversity Institute. Jason Sultzer has also been recognized as a Super Lawyer for the last ten years and was selected for Lawdragon's list of 500 Leading Plaintiff Financial Lawyers for 2019, 2020, 2021 and 2023.

### 7.  Kristen Lake Cardoso of Kopelowitz Ostrow P.A.

Kristen Lake Cardoso is a partner of KO and has been practicing law for 17 years. Established in 1997, South-Florida based KO is one of the leading class-action lawsuit firms in the United States. KO has a track record of leading class actions against the nation's largest financial institutions, pharmaceutical companies, and healthcare entities for contractual, defective products, and statutory violations. To date, these efforts have resulted in the resolution of more than 150 class cases totaling billions of dollars for class members. In many of those settlements, KO also secured monumental and meaningful industry-altering practice changes collectively worth billions of dollars.

Ms. Cardoso has gained valuable experience representing individuals and businesses in state and federal courts at both the trial and appellate levels in a variety of litigation matters, including contractual claims, violations of consumer protection statutes, fraud, breach of fiduciary duty, negligence, professional liability, real estate claims, enforcement of non-compete agreements, trade secret infringement, shareholder disputes, deceptive trade practices, and other business torts. She is a member of KO's class action group and serves as counsel in nationwide and statewide class action lawsuits concerning violations of state consumer protection statutes, false advertising, defective products, data breaches, and breaches of

January 10, 2025
Page 22

contract. *See, e.g., In re Prime Energy Consumer Litig.*, No. 1:24-CV-02657 (S.D.N.Y) (lead counsel; caffeine content in energy drink); *In re Crown Laboratories BPO Sales and Marketing Litig.*, No. 3:24-CV-01448 (N.D. Cal.) (benzene in acne treatment product); *Abendego v. L'Oreal USA, Inc.*, No. 1:24-CV-03998 (S.D.N.Y.) (same); *Henning v. Luxury Brand Partners, LLC*, No. 3:22-CV-07011 (N.D. Cal.) (class counsel; benzene in dry shampoo); *Evans v. Church & Dwight Co., Inc.*, No. 1:22-CV-06301 (N.D. Ill.) (same); *In re Nutraceutical Wellness, Inc. Consumer Fraud Litig.*, No. 1:23-CV-05652 (S.D.N.Y.) (misrepresentations re: hair growth products).

KO's attorneys are regularly appointed lead counsel, co-lead counsel, liaison counsel, and class counsel in class actions in federal and state courts involving false advertising, data privacy, cybersecurity, unlawful bank fees, antitrust, product liability, insurance, and other consumer protection violations. KO is currently co-lead counsel in *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.), which is one of the largest mass tort and class actions in MDL history. For the past 13 years, KO has served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036JLK (S.D. Fla.), another large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and as Liaison Counsel in *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) helping our clients recover $100 million and $26 million, respectively.

Ms. Cardoso is confident that the proposed leadership structure will result in an excellent recovery for Plaintiffs and is well poised to serve in a leadership role in this action with the full support and commitment of her firm.

### 8. James Bilsborrow of Weitz & Luxenberg, PC

Mr. Bilsborrow is a partner with Weitz & Luxenberg, PC ("Weitz") and is co-chair of the firm's Environmental Tort and Consumer Class Action Department. Weitz is an AV-rated law firm that has been appointed by courts to litigate some of the nation's largest and most complex cases, including those related to the East Palestine train derailment, BP oil spill, and personal injuries caused by exposure to

January 10, 2025
Page 23

Roundup herbicides. Mr. Bilsborrow has significant experience litigating cases involving toxic exposures, including PFAS, and has been appointed by courts in class and multidistrict litigation centering on such exposures, *see, e.g.*, *In re East Palestine Train Derailment*, No. 4:23CV0242 (N.D. Ohio) (appointed to Plaintiffs' Executive Committee); *Baker v. Saint-Gobain Performance Plastics Corp.*, No. 16-cv-917 (N.D.N.Y.) (PFAS contamination) (appointed co-lead class counsel); *Burdick v. Tonoga, Inc.*, No. 00253835 (N.Y. Rensselaer Cnty.) (PFAS contamination) (appointed co-lead class counsel); *In re Dicamba Herbicides Litig.*, No. 1:18-md-02820-SNLJ (E.D. Mo.) (appointed to Plaintiffs' Executive Committee). Mr. Bilsborrow has also served as trial counsel in multiple cases representing individuals who developed cancer following exposure to toxic quantities of Monsanto's Roundup herbicide products.

Through his experience in environmental and toxic tort litigation, Mr. Bilsborrow has overseen production of expert reports describing systematic product testing for chemical contaminants, which should assist plaintiffs' efforts here. Mr. Bilsborrow can also play a critical role managing offensive discovery in this complex case; he has performed this part in cases against some of the largest companies in the world and is co-chair of offensive discovery efforts against one of the largest domestic social media companies in *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047-YGR (N.D. Cal.).

### C. Proposed Lead Interim Class Counsel Will Commit the Necessary Resources To Vigorously Prosecute This Action.

In addition to their ample experience and qualifications, Proposed Lead Interim Class Counsel are supported by their firms which are well-capitalized, and fully capable and prepared to staff and finance this action without the use of litigation funders. Indeed, the firms have already devoted significant time investigating the bases for the claims asserted in this action and have devoted significant resources to researching, investigating, and drafting detailed pleadings. To achieve an efficient prosecution of this matter, Mr. Cecchi will collect monthly time-reports from each lawyer and firm doing work authorized by proposed leadership.

Thank you for your attention to this matter. Of course, should you have any questions, we are available to answer them at your convenience.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

January 10, 2025
Page  24


Respectfully submitted,

CARELLA, BYRNE, CECCHI, OLSTEIN BRODY & AGNELLO, P.C.

/s/ James E. Cecchi
JAMES E. CECCHI