UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JO ARONSTEIN, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>KENVUE, INC., a Delaware Corporation, and JOHNSON & JOHNSON, a New Jersey Corporation, JOHNSON & JOHNSON CONSUMER, INC., a New Jersey Corporation,<br><br>     Defendants. | Civil Action No. 3:24-cv-04665<br><br><br>**<u>ORDER</u>** |
| SAPUTO, individually and on behalf all others similarly situated,<br><br>     *Plaintiffs*,<br><br>v.<br><br>KENVUE, INC., and JOHNSON & JOHNSON CONSUMER, INC.<br><br>     *Defendants*. | Civil Action No. 3:24-cv-09622 |
| REBEKAH BADILLA, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br>v.<br><br>KENVUE INC., JOHNSON & JOHNSON CONSUMER, INC., and JOHNSON & JOHNSON<br><br>     *Defendants*. | Civil Action No. 3:24-cv-10521 |

IT HAVING BEEN STIPULATED AND AGREED by Plaintiffs and Defendants in the above-captioned matters, through their respective counsel, as follows:

WHEREAS, all three of the above-captioned actions (the "Actions") seek to represent a class of persons or entities who have purchased Defendants' Band-Aid products with substantially similar questions of fact and law, such that consolidation under Rule 42 of the Federal Rules of Civil Procedure and Local Rule 42.1 will serve the Court, the Parties, and the interests of justice by maximizing efficiency, minimizing redundancies, and eliminating the threat of inconsistent rulings, and the above-captioned Action, No. 3:24-cv-04665 having been previously consolidated with Civil Action Nos. 3:24-cv-06090 and 3:24-cv-04757 for all purposes;

NOW THEREFORE, the Parties through their respective counsel and subject to the Court's approval hereby stipulate and agree that:

1. Pursuant to Fed. R. Civ. P. 42(a), the above-captioned Actions, Civil Action Nos. 3:24-cv-04665, 3:24-CV-09622, and 3:24-CV-10521 are hereby consolidated for all purposes.

2. The Clerk shall establish a Docket for the Actions under Civil Action No. 3:24-cv-04665. All papers filed in the Actions shall be filed on the Docket and shall bear the caption:

| JO ARONSTEIN, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br>v.<br>KENVUE, INC., a Delaware Corporation, and JOHNSON & JOHNSON, a New Jersey Corporation, JOHNSON & JOHNSON CONSUMER, INC., a New Jersey Corporation,<br>Defendants. | Civil Action No.: 3:24-cv-04665 |
|---|---|

3. Any actions related to the Actions that are subsequently filed in or transferred to this District, or to be filed or transferred, **MAY** be consolidated **WITH THE CONSENT** of counsel from the subsequently-filed or transferred actions.

2

4. Service shall be deemed complete once Defendants have been served with the complaint in one of the above-captioned Actions.

5. Defendants' time to answer, move, or otherwise respond to the complaints in the above-captioned Actions is suspended.

6. After the appointment of interim class counsel, Plaintiffs and Defendants shall meet and confer with respect to a schedule for Plaintiffs to file a consolidated complaint and for Defendants to answer, move, or otherwise respond to the consolidated complaint.

7. Except as to the defense of insufficiency of service of process and insufficiency of process in these Actions, no defense of the Defendants is prejudiced or waived by such Defendants' executing, agreeing to, or joining this Order.

8. IT IS FURTHER ORDERED that Plaintiffs shall file a Consolidated Amended Complaint no later than 45 days following the entry of this Order.  Defendants shall file any responsive pleading no later than 60 days following filing of the Consolidated Amended Complaint.  Plaintiffs' Response to any responsive pleading shall be filed no later than 60 days following its filing, and any Reply by Defendants shall be filed no later than 25 days following Plaintiffs' Response.

9. IT IS FURTHER ORDERED that pursuant to pursuant to Rule 23(g), the Court appoints interim class counsel on behalf of the proposed class consisting of Interim Co-Lead Class Counsel Christopher L. Ayers of Seeger Weiss LLP, James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Joshua Arisohn of Bursor & Fisher, P.A., and E. Powell Miller of Miller Law, P.C.  The Court also appoints a Plaintiffs' Executive Committee consisting of Charles Schaffer of Levin Sedran & Berman, LLP, Jason Sultzer of Sultzer & Lipari, PLLC, Kristen Lake Cardoso of Kopelowitz Ostrow P.A, and James Bilsborrow of Weitz & Luxenberg, PC.

Defendants have reserved their rights related to any argument about the scope and implication of the interim class counsel role. In the event that a dispute arises over the scope and implication of the interim class counsel role, the Parties will meet and confer before raising such a dispute with the Court.

So Ordered this 14th day of January 2025

_____
**Honorable Michael A. Shipp, U.S.D.J.**

4